Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3601 | DATE | 11/3/2004 |
| CASE TITLE | Urban Elevator Service Inc. vs. Richard Susaeta | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss Count II is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 5 2004 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 2004 NOV -4 AM 8:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
NOV 3 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
NOV 5 2004

URBAN ELEVATOR SERVICE, INC.,

        Plaintiff,

    v.

RICHARD SUSAETA ane ELEVATOR ADVISORS INT'L., INC.,

        Defendants.

Case No. 04 CV 3601

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Count II of Plaintiff's Complaint. For the following reasons, the Motion is granted.

### I. INTRODUCTION

Plaintiff Urban Elevator Service ("Urban Elevator") provides elevator installation and maintenance services to various building owners in the Cook County area, including the Wyndham Garden Hotel (the "Wyndham") in Schaumburg, Illinois. Defendant Richard Susaeta is the president of Defendant Elevator Advisors International, Inc., an elevator advisory service company. Urban Elevator alleges that in August 1999, Richard Susaeta told unspecified persons at Wyndham that Urban Elevator was "the worst elevator company in Chicago." (Compl. ¶ 4). According to Urban Elevator, Defendants' disparaging comments caused Wyndham to terminate its business relationship with Urban Elevator, and also "further disparaged Urban's business



reputation in the elevator industry." (Compl. ¶ 5). Urban Elevator's complaint is otherwise devoid of any specific allegations of wrongdoing on the part of Defendants, with the exception that Urban Elevator claims "on information and belief" that Defendants are continuing to disparage Urban Elevator in the "industry." (Compl. ¶ 19).

## II. **DISCUSSION**

Count II of the complaint is based on a purported violation of the Illinois Consumer Fraud and Deceptive Practices Act (the "ICFA"). Defendants argue that Urban Elevator fails to state a claim under the IFCA because there are no allegations that the wrongful conduct at issue was directed toward the general market activities or otherwise implicated consumer protection concerns. Urban Elevator initially responds by arguing that the ICFA does not require it to establish a market nexus with Defendants' activities, and, furthermore, even it were required to establish such a nexus, it has done so by alleging that Defendants' comments disparaged Urban Elevator's business reputation in the elevator industry.

Defendants have the better argument here. In this diversity suit, this Court looks to Illinois substantive law to interpret the ICFA. *See Speakers of Sport, Inc. v. Proserv, Inc.*, 178 F.3d 862, 864 (7th Cir. 1999). The ICFA was enacted to provide broad protective coverage for consumers against deceptive advertising and other conduct by businesses selling their products or services to consumers. *See Menasha Corp. v. News America Marketing In-Stores,*

*Inc.*, 238 F. Supp. 2d 1024, 1035 (N.D. Ill. 2003). In the present instance, the dispute is between two business entities, neither of which is a consumer of the other's products or services. The protections of the ICFA, however, are not limited solely to consumers: competing businesses (or commercial entities, in general) can invoke the ICFA, provided that "the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns." *Lake County Grading Co. v. Advance Mechanical Contractors, Inc.*, 654 N.E.2d 1109, 1115 (Ill. Ct. App. 1995), *quoting Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 546 N.E.2d 33, (Ill. Ct. App. 1989).

Thus, the controlling question here is whether Urban Elevator's allegations involve trade practices aimed at the general market for elevator services or otherwise implicate consumer protection concerns. *See id.* They do not. Urban Elevator's sole allegation under Count II is that Richard Susaeta made a single disparaging comment to a former customer pertaining to the quality of Urban Elevator's services. Even interpreting the facts in a light most favorable to Urban Elevator, this comment cannot be construed as an act with sufficient nexus to either the general market or consumer protection concerns. *Cf. id.* For instance, Urban Elevator does not even allege the Defendants are business competitors; instead, it appears that Defendants are a consulting company specifically hired to opine and provide advice to businesses on elevator service needs, but do not themselves provide the same services that Urban Elevator

does. Thus, there is no inference that Defendants are purportedly misinforming consumers in order to sell their own products, nor is there any allegation that Urban Elevator has a motivated economic reason to mislead consumers, which is the typical scenario where business competitors raise claims under the ICFA. *See, e.g., Menasha Corp.*, 238 F. Supp. 2d 1024. Of course, the foregoing is not the only scenario in which cognizable claims between business entities may be raised under the ICFA, but rather illustrates that Urban Elevator's claims are simply not the type of claims that the ICFA seeks to encompass.

Urban Elevator also alleges "on information and belief" that "the Defendants are continuing to disparage the plaintiff's business and services in the industry and to Urban's other potential elevator service customers." (Compl. ¶ 19). These allegations are pled under Count III, not Count II. Assuming *arguendo* that such allegations could be considered under Count II, the Court must treat allegations based "on information and belief" in the same favorable light toward Urban Elevator as any other factual allegations. *See Carroll v. Morrison Hotel Corp.*, 149 F.2d 404 (7th Cir. 1945). But even these allegations do not state a cause of action under the ICFA. It is true that a business may bring a suit as representative of the consumer interest, but this is not what Urban Elevator is purporting to do. *Cf. Speakers of Sport, Inc.*, 178 F.3d at 868. Moreover, these allegations are simply too tenuous and bare, even under the

liberal Federal notice pleading requirements, to state a cause of action under the ICFA.

Urban Elevator's other contention is that the Illinois Supreme Court has abandoned the market nexus requirement for business competitors to state a cause of action under the ICFA, and thereby overruled the significant body of Illinois case law holding otherwise. See *Allen v. Woodfield Chevrolet, Inc.*, 208 Ill.2d 12 (2002). This is incorrect. In *Allen*, the issue was merely whether certain amendments to the ICFA that heightened pleading and other procedural requirements to protect solely automobile dealers were unconstitutional special legislation. See *id*. The Illinois Supreme Court held that such amendments were indeed unconstitutional. See *id*.

Nothing in *Allen* indicates that the holdings in *Lake County Grading Co.*, 654 N.E.2d 1109, and its progeny, are no longer good law in Illinois. In fact, the *Allen* decision does not cite any of the pertinent Illinois case law holding that a market or consumer nexus is required under the ICFA when the dispute is solely between business entities. It would be highly unusual for the Illinois Supreme Court to overturn a well-established body of law without even citing it. Nor did the amendment to the ICFA that occurred after *Lake County Grading Co.* eviscerate the controlling consumer nexus standard. Instead, this amendment merely created the particularized requirement of a showing of public injury when cases involve transactions with automobile dealers, which the *Allen* court

subsequently nullified. *See Allen*, 208 Ill.2d 12. *Allen* did not otherwise alter the preceding case law interpretations of the statute. Indeed, this Court recently dismissed a claim under the ICFA, albeit in the context of summary judgment, based upon the controlling standard requiring a nexus between the general market or consumer interests. *See Menasha Corp.*, 238 F. Supp. 2d at 1035.

The crux of Urban Elevator's argument is that the statutory language, and purportedly the *Allen* decision, indicate that proof of public injury or effect on consumers is not required to sustain a claim under the ICFA. *See generally, Athey Products Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996). As a general proposition, this is true. The statutory scheme does not require proof of injury of a broad array of consumers: a single injury to a single <u>consumer</u> is sufficient, in certain circumstances, to prevail on a claim under the ICFA. *See id; see also, Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. 802, 806 (N.D. Ill. 1996).

Urban Elevator, however, confuses this proposition as support for the eradication of a market or consumer protection nexus, when in fact it supports the opposite. In doing so, Urban Elevators conflates consumer-to-business transactions with business-to-business dealings. That is, because the statutory scheme is intended to protect consumers rather than businesses, it follows that a single injury to a consumer necessarily demonstrates a market or consumer nexus. In contrast, injury to a business does not necessarily indicate likewise. It therefore follows that Illinois case law

requires a higher threshold showing of market/consumer nexus in situations involving solely business-to-business dealings. Otherwise, the ICFA would be converted into an all-purpose remedy for any and all commercial disputes - a result plainly not intended by the Illinois legislature. *See Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. at 806-07.

The availability of punitive damages and attorneys fees under the ICFA is always an enticing prospect for plaintiffs; but such enticements should not lead to shoe-horning claims that plainly do not fit within the intended purpose of the statute. Urban Elevator has - and indeed has pled - numerous common law actions that are traditionally and aptly applied to the type of business dispute at issue here. The heavy artillery of the ICFA is best left to its intended purpose: the protection of consumer interests.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count II is **GRANTED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: November 3, 2004